IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL JOE WEBB                                                                    PLAINTIFF
#269685

V.                              Case No. 4:23-CV-01058-BSM-BBM

SARAH HUCKABEE SANDERS,
Governor, State of Arkansas; TIM
HUTCHESON, Attorney General,
Arkansas; A. AUSTIN, Correctional
Officer, PCRDF; and DOE, Sheriff,
Pulaski County                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     BACKGROUND**

On November 3, 2023, Plaintiff Michael Joe Webb ("Webb"), an inmate currently incarcerated in the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 along with another inmate. (Doc 2). The case was severed into two separate lawsuits. (Doc. 3). The Complaint alleges that Defendants—

Sarah Huckabee Sanders, Tim Hutcheson, A. Austin, and Doe Sheriff of Pulaski County—violated the inmates' constitutional rights. (Doc. 2).

After Webb demonstrated his eligibility to proceed *in forma pauperis*, the Court conducted an initial screening of the Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and noted some deficiencies.[1] (Doc. 6). Webb was given leave to file an Amended Complaint, but he has failed to do so. *Id*. Accordingly, the Court will proceed with screening.

## II.  ALLEGATIONS

Webb claims that he was prescribed unspecified medication while housed in a Texas county jail from July 21, 2023, to August 12, 2023. (Doc. 2 at 6). He was given his inhaler during intake at PCRDF, and the intake nurse was going to start a medical chart for him, but she "changed her mind due to . . . [no] warrant info." *Id*. Webb's medications, along with five refills, have been "locked" in PCRDF since August 12, 2023. *Id*. at 6–7. Although Webb states that he has not received his medication, he also asserts that PCRDF does "on [o]ccasions give [him] some" of his medication. *Id*. at 7. However, he claims that most of the time they "are out [and cannot!]" retrieve and approve "the Texas prescriptions" from his property. *Id*.

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Several of Webb's sick calls went unanswered in August and September of 2023. (Doc. 2 at 6). On September 24, 2023, fellow inmates in the H Unit asked about medical/pill call. *Id*. at 7. An unidentified correctional officer told the inmates that "the nurses were short staffed and there wasn't gonna [sic] be a Round this morning." *Id*. Webb asserts that PCRDF runs its system inconsistently, which causes chemical imbalances that lead to the deterioration of his health. *Id*.

Webb sues Defendants in their individual and official capacities. (Doc. 2 at 2). He seeks an order for his immediate release so that he may receive medical attention and asks the Court to order the Arkansas Attorney General to investigate this matter for criminal malfeasance. *Id*. at 5.

**III.    DISCUSSION**

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014)

(cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Webb's Complaint, he fails to allege any plausible claim against the named Defendants—Sarah Huckabee Sanders, Tim Hutcheson, A. Austin, or Doe Sheriff of Pulaski County. Accordingly, this Court recommends that his Complaint be dismissed without prejudice.

### A. No Right to Represent Others

Webb and one other inmate filed this Complaint as co-Plaintiffs, and the Court severed the case into two separate lawsuits. (Docs. 2–3). Below his signature on the Complaint, the other inmate notes that he is bringing this civil rights lawsuit on behalf of himself and others who are similarly situated. (Doc. 2 at 5). However, *pro se* litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action, including a class action lawsuit. *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity"). To the extent Webb seeks to represent the interest of other parties, those claims should be dismissed.

### B. No Personal Action by Defendants

Despite naming Sarah Huckabee Sanders, Tim Hutcheson, A. Austin, and Doe Sheriff of Pulaski County as Defendants to this action, Webb makes no allegations against any of these individual Defendants. In § 1983 actions, government officials are only liable

for their "*own* individual actions." *Iqbal*, 556 U.S. at 676 (emphasis added). Webb does not allege that any of the named Defendants were directly involved in denying him medical care or that they were involved in any other constitutional violation. Instead, he makes vague allegations but does not attribute them to any named Defendants. Without any facts regarding actions taken directly by any individual Defendant, the allegations are far too broad and vague for the Court to determine which Defendants, if any, may have violated Webb's constitutional rights. Accordingly, as presented, Webb fails to state a claim for relief against any Defendant.

    **C.**    **Deliberate Indifference**

Because Webb and another inmate initially filed this Complaint as co-Plaintiffs, it is unclear whether being "in jail for other reasons" refers to Webb's prisoner status or the other inmate's prisoner status at the time of the events described in the Complaint. (Doc. 2 at 3, 6). Although it is not clear whether Webb—housed at PCRDF—is a pretrial detainee (in jail and still awaiting trial on pending criminal charges), serving a sentence as a result of a judgment of conviction, or in jail for other reasons (for example, an alleged probation violation), Webb failed to allege sufficient facts to state a claim under the applicable medical deliberate indifference standard.

"Although the Eighth Amendment has no application until there has been a formal adjudication of guilt, the Fourteenth Amendment gives state pretrial detainees . . . rights which are *at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (citations omitted) (emphasis in original). Cases involving denial of medical care claims brought by pretrial

5

detainees have "borrow[ed] from the Eighth Amendment deliberate-indifference standard applicable to claims of prison inmates." *Bailey v. Feltman*, 810 F.3d 589, 593 (8th Cir. 2016); *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

Deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, Webb must allege facts showing: (1) he had an objectively serious medical need; and (2) Defendants knew of but deliberately disregarded that need. *De Rossitte v. Correct Care Sols., LLC*., 22 F.4th 796, 802 (8th Cir. 2022); *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021). Deliberate indifference can be shown in a variety of ways, including "a defendant's decision to take an easier and less efficacious course of treatment," an intentional delay or denial of access to medical care; "[m]edical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care;" or intentional interference with a prescribed treatment. *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citations omitted); *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A mere disagreement with the course of medical care does not rise to the level of a constitutional violation. *Langford*, 614 F.3d at 460; *Barr*, 909 F.3d at 921–22.

Webb claims that the intake nurse, who is not named as a Defendant to this action, was going to start a medical chart for him, but she "changed her mind due to . . . [no] warrant info." (Doc. 2 at 6). Without explaining why he needs medication, Webb simultaneously claims that he has not received his medication and that he receives "some" on occasion. *Id*. at 7. He also asserts that several of his sick calls went unanswered in

6

August and September of 2023, that there was no medical/pill call one day in September 2023 due to the nurses being short-staffed, and that PCRDF runs its system inconsistently. (Doc. 2 at 6–7).

First, Webb has failed to allege an objectively serious medical need. *See De Rossitte*, 22 F.4th at 802; *see also Shipp*, 9 F.4th at 703. Although he lists several sick calls that went unanswered in August and September of 2023, he describes the calls as being related to various issues, such as a pain in his foot, being ill along with his cellmate, and being out of medication for two days. (Doc. 2 at 6). Second, as stated above, Webb makes no factual allegations against any of the named Defendants in the body of his Complaint, and therefore, he failed to show that any of the named Defendants knew of but deliberately disregarded a serious medical need. *See De Rossitte*, 22 F.4th at 802. As presented, Webb fails to state a claim for relief against any of the named Defendants related to inadequate medical care.

### D.    Official-Capacity Claims

Webb also sues all Defendants in their official capacities. (Doc. 2 at 2). Official-capacity liability only attaches when an alleged constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016).

Webb makes the vague and conclusory assertion that PCRDF runs its system inconsistently, which causes chemical imbalances that lead to the deterioration of his health. (Doc. 2 at 7). It is unclear whether he is attempting to allege that either the State of

7

Arkansas or Pulaski County have an official policy, an unofficial custom, or have engaged in a deliberately indifferent failure to train or supervise. Because the Complaint does not contain any such allegations and because Webb failed to assert facts against any of the named Defendants in the body of the Complaint, he has not pled any plausible official-capacity claims.

### E. Requested Relief

By way of relief, Webb asks the Court to order the Arkansas Attorney General to investigate this matter for criminal malfeasance, but he also seeks an order for his immediate release so that he may receive medical attention. (Doc. 2 at 5). Webb may not use this § 1983 action to seek release from incarceration. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (holding prisoners seeking speedier release may only do so "through a habeas corpus action, not through § 1983").

### IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Webb's Complaint (Doc. 2) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 11th day of September, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE